UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BENJAMIN TAYLOR,

       Petitioner,

v.                                                     Case No. 6:12-cv-721-Orl-36TBS

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

       Respondents.

_____/

## ORDER

Petitioner Benjamin Taylor ("Petitioner") initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1, filed March 24, 2011). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. 17). Petitioner filed a reply and a supplemental reply to the response (Docs. 20, 22).

In his sole claim for relief, Petitioner alleges that there was insufficient evidence to support his conviction (Doc. 1 at 5). The Court cannot reach the merits of this claim because, as explained below, the pleadings and attachments before the Court establish that the petition should be dismissed as untimely.

## I.  Background and Procedural History

On June 11, 1997, Petitioner was charged by information with trafficking in illegal drugs in violation of Florida Statute § 893.135(1)(c)(1) (App. A at 189).[1]  After a jury trial,

_____

[1] Unless otherwise specified, all citations to the state court record refer to the exhibits submitted with the response (Doc. 18, filed September 7, 2012).

Petitioner was found guilty, and on June 24, 1998, he was sentenced to twenty-five years in prison. *Id.* at 191-196. Petitioner did not pursue a timely appeal. On August 3, 1998, Petitioner filed a petition for a belated appeal which was denied on November 13, 1998. *Id.* at 1, 9.

On May 5, 1999, Petitioner filed a petition for writ of habeas corpus with the Florida Supreme Court in which he alleged that counsel had not timely filed his appeal. In the same petition, Petitioner argued that he was convicted in violation of the Fourth Amendment right to be free from unreasonable searches and seizures (App. A at 10). The Florida Supreme Court denied the petition to the extent Petitioner was seeking review of the denial of his petition for a belated appeal and transferred the second claim to the trial court for consideration. *Id.* at 36. The trial court treated the petition as a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 ("Rule 3.850 motion") and denied the remaining claim. *Id.* at 59. Florida's Fifth District Court of Appeal *per curiam* affirmed. *Id.* at 67; *Taylor v. State*, 746 So. 2d 463 (Fla. 5th DCA 1999). Petitioner filed a motion for rehearing which was denied on December 16, 1999 (App. A at 37).

On January 23, 2000, Petitioner executed a petition for writ of certiorari with the United States Supreme Court (App. A at 45). The petition was denied on April 3, 2000. *Id.* at 65; *Taylor v. Florida*, 529 U.S. 1058 (2000).

On May 18, 2000, Petitioner filed another Rule 3.850 motion for post-conviction relief, raising six claims of ineffective assistance of counsel and one claim of trial court error (App. A at 204). The trial court denied the motion, and the Fifth District Court of Appeal *per curiam* affirmed. *Id.* at 231, 238. Petitioner filed a third Rule 3.850 motion on May 10, 2010, alleging

defective charging documents and trial court error. *Id.* at 177.  The motion was denied by the trial court as successive and untimely. *Id.* at 252. The Fifth District Court of Appeal *per curiam* affirmed (App. A at 257); *Taylor v. State*, 51 So. 3d 473 (Fla. 5th DCA 2010).

On January 27, 2011, Petitioner filed a petition for writ of habeas corpus with the Florida Supreme Court (App. A at 269).  The Florida Supreme Court determined that relief was not authorized and dismissed the case (App. A at 283); *Taylor v. State*, 56 So. 3d 767 (Fla. 5th DCA 2011) (table).

Petitioner filed the instant petition for writ of habeas corpus on March 24, 2011 (Doc. 1).  The petition was originally filed in the Southern District of Florida and was transferred to the Middle District on May 11, 2012 (Doc. 8).

II.    **Analysis**

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment.  This limitation period runs from the latest of:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Petitioner does not allege, nor does it appear from the pleadings or record, that any of the statutory triggers set forth in §§ 2244(d)(1)(B-D) apply. Therefore, the statute of limitations is measured from the remaining statutory trigger, which is the date on which Petitioner's conviction became final. 28 U.S.C. § 2244(d)(1)(A).

### a.     Petitioner's Habeas Corpus Petition is Untimely

Petitioner was sentenced on June 24, 1998 (App. A at 193-196). Because Petitioner did not appeal his sentence, his conviction and sentence became final thirty days after he was sentenced. See Gonzalez v. Thaler, 132 S. Ct. 641 (2012) ("[W]ith respect to a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such review expires[.]"); Fla. R. App. P. 9.140(b)(3) (allowing 30 days to file a notice of appeal). Accordingly, Petitioner's conviction became "final" for purposes of § 2244 on July 24, 1998, and Petitioner had one year from that date, or until July 24, 1999 to file his federal habeas petition. See Downs v. McNeil, 520 F. 3d 1311 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method" under which limitations period expires on anniversary of date it began to run). Petitioner's federal petition was not filed until March 24, 2011. Therefore, it is untimely unless tolling principles apply to render it timely.

**b.      *Petitioner's Habeas Petition is not Subject to Tolling***

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

Petitioner filed a petition for a belated appeal on August 3, 1998 which was not granted (App. A at 1).   Pending belated appeals do not toll the statute of limitations unless they are granted. *See Williams v. Crist*, 230 Fed. Appx. 861, 862 (11th Cir. 2006); *Selden v. Sec'y Dep't of Corrs.*, 2011 WL 1061126 at *3 (M.D. Fla.  Mar.22, 2011) (finding that idle time does not start tolling until the belated appeal is granted).   Thus, the filing of the petition for belated appeal did not affect the date that Petitioner's judgment and sentence became final.

Petitioner filed a petition for writ of habeas corpus with the Florida Supreme Court on May 5, 1999 (App. A at 10).  By then, 285 days had passed since Petitioner's conviction became final.  Petitioner's time to file was tolled until December 16, 1999 when Petitioner's motion for rehearing was denied (App. A at 37).[2]  Between December 16, 1999 and January 23, 2000, 38

---

[2]Supreme Court Rule 13.3 provides in pertinent part:

> [I]f a petition for rehearing is timely filed in the lower court by any party, or if the lower court appropriately entertains an untimely petition for rehearing or *sua sponte* considers rehearing, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of rehearing or, if rehearing is granted, the subsequent entry of judgment.

more days ran on Petitioner's AEDPA clock. Petitioner filed a petition for writ of certiorari in the United States Supreme Court on January 23, 2000. However, the petition for writ of certiorari had no tolling effect because the federal limitation period is not tolled during pendency of a petition for certiorari to the United States Supreme Court seeking review of denial of state post-conviction relief. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007). Thus, Petitioner's AEDPA clock ran out on March 5, 2000, eighty days after December 16, 1999.

Petitioner filed his second Rule 3.850 motion for post-conviction relief on May 18, 2000. However, this motion did not act to toll the AEDPA clock because a tolling motion under § 2244(d)(2) cannot toll the one-year limitations period if that period has expired prior to filing the motion. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Likewise, neither Petitioner's March 10, 2010 Rule 3.50 motion nor his January 27, 2011 state petition for a writ of habeas corpus served to resurrect the limitations period that had already passed. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (rejecting theory that limitations period was reinitiated upon filing of timely rule 3.850 motion outside limitations period).

Petitioner filed the instant § 2254 petition on March 24, 2011. Because Petitioner's AEDPA clock ran out on March 5, 2000, the petition was 4096 days late. Further, Petitioner does not allege that he is entitled to review of his federal claims through any recognized exception to the time bar. Therefore, his federal petition must be dismissed as untimely.

---

S. Ct. Rule 13.3.

Any allegations not specifically addressed herein that attempt to excuse Petitioner's failure to file the instant petition within the one-year period of limitation have been found to be without merit.

III.    **Certificate of Appealability**

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Petitioner has not made the requisite showing in these circumstances and is not entitled to a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.    The Petition for Writ of Habeas Corpus filed by Benjamin Taylor  (Doc. 1) is **DISMISSED WITH PREJUDICE** as untimely.

2.    Petitioner is **DENIED** a Certificate of Appealability.

3.    The Clerk of the Court is directed to enter judgment accordingly and close this case.

7

**DONE AND ORDERED** at Orlando, Florida, this 17th day of October, 2012.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-4  10/17
Benjamin Taylor

8